# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

DANIEL LUKE SCHWARTZ,

        Petitioner,

-vs-

SHARON ROSE HINNENDAEL,

        Respondent.

Case No. 20-CV-1028

## RESPONDENT'S ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR ISSUANCE OF A SHOW CAUSE ORDER AND FOR RETURN OF CHILDREN TO THE UNITED STATES OF MEXICO

NOW COMES the Respondent, Sharon Rose Hinnendael ("Respondent"), by and through her attorneys, the Law Firm of Conway, Olejniczak & Jerry, S.C., as and for her Answer to the Petition for Issuance of a Show Cause Order and for Return of the Children to the United States of Mexico (the "Petition"), admits, denies and alleges as follows:

1. In answering Paragraph 1 of the Petition, Respondent admits that Petitioner, Daniel Luke Schwartz ("Petitioner") has a residence in Mexico and, upon information and belief, is seeking the return of children pursuant to his Petition. Respondent denies that the children were wrongfully removed from Mexico and affirmatively states that Respondent had Petitioner's consent and subsequent acquiescence to remove the minor children to the United States and specifically Sister Bay, Wisconsin. The balance of said paragraph sets forth various legal conclusions to which no response is required and, to the extent any response is necessary, Respondent denies the same and puts Petitioner to his strict proof thereon.

2. In answering Paragraphs 2, 3, and 4 of the Petition, these paragraphs set forth legal conclusions to which no response is required and, to the extent any response is necessary, Respondent denies the same and puts Petitioner to his strict proof thereon.

3. In answering Paragraph 5 of the Petition, Respondent admits upon information and belief that Petitioner is a United States citizen and has a residence in Mexico. Respondent denies that Petitioner is employed by Grupo Vidanta and denies that Petitioner is a manager and that Petitioner's employment includes the sale of condominiums and homes. Respondent affirmatively states that Petitioner is employed by Vida Vacations and sells timeshares and is an independent contractor for Vida Vacations.

4. In answering Paragraph 6 of the Petition, Respondent admits that she is a citizen of the United States, was born on May 22, 1986, and resides with her parents in Sister Bay, Wisconsin. The balance of said paragraph sets forth legal conclusions to which no response is required and, to the extent any response is necessary, Respondent denies the same and puts Petitioner to his strict proof thereon.

5. In answering Paragraph 7 of the Petition, Respondent admits that she and Petitioner share two children, Henry Herman Schwartz (d/o/b June 19, 2018) and Alice Judith Hinnendael (d/o/b March 10, 2020). Respondent admits that the children were born in Mexico but possesses no legal knowledge that they are citizens of Mexico and affirmatively states that they are United States citizens as well as affirmatively allege that Petitioner is not identified on Alice Judith Hinnendael's birth certificate. Respondent also affirmatively states that the minor children are not habitual residents of the State of Mexico but the United States of America. The balance of said paragraph sets forth legal conclusions to which no response is required and, to

the extent that any response is necessary, Respondent denies the same and puts Petitioner to his strict proof thereon.

6. In answering Paragraph 8 of the Petition, Respondent admits.

7. In answering Paragraph 9 of the Petition, Respondent admits that they lived together as a couple in Mexico from approximately July 3, 2015 until early 2020 and that the parties made numerous trips to the United States. Respondent affirmatively states that she separated from Petitioner in May, 2020 as a result of persistent and significant substance and domestic abuse issues which created grave risk to the children.

8. In answering Paragraph 10 of the Petition, Respondent denies that Petitioner is employed by Grupa Vidanta. Respondent affirmatively states that Petitioner is an independent contractor for Vida Vacations and that the Petitioner sells time shares. As to whether Petitioner's employer maintains offices in the United States, Respondent lacks knowledge or information sufficient to form a belief as to the truth of said allegation and, therefore, denies the same and puts Petitioner to his strict proof thereon. Upon information and belief, the Respondent believes that Vida Vacations has offices in Houston, Texas.

9. In answering Paragraph 11 of the Petition, Respondent admits that Petitioner was physically present for the birth of the parties' children but affirmatively states that Petitioner was under heavy influence of alcohol and other intoxicants during the birth of both children.

10. In answering Paragraph 12 of the Petition, Respondent admits that Petitioner is identified as the father on Henry's birth certificate but denies that he is identified anywhere on Henry's passport.

11. In answering Paragraph 13 of the Petition, Respondent admits that Petitioner is not listed on Alice's birth certificate. Respondent denies that Alice does not have a passport but,

-3-

Case 1:20-cv-01028-WCG   Filed 07/31/20   Page 3 of 11   Document 22

rather affirmatively states, that Alice was granted a United States passport on an emergency basis from the United States Consulate due to the gravity of Petitioner's dangerousness to Respondent and the children.

12. In answering Paragraph 14 of the Petition, Respondent denies that the COVID-19 pandemic, and resulting furlough, caused the marital strife that forced Respondent to relocate with the children to the United States. Respondent affirmatively alleges that Petitioner's persistent pattern of domestic and substance abuse—which have resulted in the issuance of multiple restraining orders against Petitioner—led to the separation. Respondent denies that Petitioner provided her with $15,000 U.S. dollars. Respondent likewise denies that the parties had any agreement for the Petitioner to return to cohabitate with Respondent on May 21, 2020.

13. In answering Paragraph 15 of the Petition, Respondent admits that Petitioner saw the children between May 6, 2020, and May 20, 2020 but upon information and belief it was less than three (3) times. Respondent denies the balance of said paragraph and puts Petitioner to his strict proof thereon.

14. In answering Paragraph 16 of the Petition, Respondent denies that she removed the children from the marital residence on May 20, 2020 and admits that she did not to disclose her new location to the Petitioner out of fear for her personal safety and that of the minor children. Respondent affirmatively states that she escaped the marital residence on May 28, 2020 and alleges that she did so out of concern for the gravity of the threat to Respondent and the children as a result of Petitioner's persistent pattern of substance and domestic abuse. Respondent admits that she moved to another location in Mexico on May 28, 2020 out of concern for her safety and that of the children. Respondent admits that, on or about June 16, 2020, she and the children relocated to Sister Bay, Wisconsin. Respondent affirmatively states

that Petitioner was aware of the trip and consented to the travel on a number of occasions prior to the trip in audio recordings and written messages. Respondent also affirmatively states that the Petitioner acquiesced to the minor children remaining in Wisconsin as well.

15. In answering Paragraph 17 of the Petition, Respondent admits that, when she left the marital residence, she retained the children's birth certificates, Henry's passport, the parties' marriage certificate and related documentation for the children. Respondent denies removing Petitioner' driver's license, Mexican resident card, or other documents and affirmatively states that upon information and belief Petitioner lost those items months ago while he was under the influence of drugs and alcohol. Petitioner provided this court with copies of his relevant legal documents as ECF #18. Respondent denies that the parties ever had any joint bank accounts in Mexico and denies taking $10,000 from any Mexican bank account. Respondent further states that Petitioner informed her on or about May 27, 2020 that he had traded his vehicle and received 400,000 Pesos and that he was retaining the sale proceeds in cash form.

16. In answering Paragraph 18 of the Petition, Respondent denies and puts Petitioner to his strict proof thereon.

17. In answering Paragraph 19 of the Petition, Respondent denies that she has restricted Petitioner's ability to communicate with the children for any substantial period of time following their relocation and affirmatively states that, commencing as of July 1, 2020, the children remain in regular telephonic and electronic contact with Petitioner. Respondent admits to requesting child support from Petitioner in the form of $800 per week but denies that communication with the children was conditioned upon payment of the support.

18. In answering Paragraph 20 of the Petition, Respondent denies the same and puts Petitioner to his strict proof thereon.

19. In answering Paragraphs 21-22 of the Petition, said paragraphs set forth legal conclusions to which no response is required. To the extent that any response is required to said paragraph, Respondent denies the same and puts Petitioner to his strict proof thereon.

20. In answering Paragraph 23 of the Petition, Respondent provides the following response:

    a. Respondent denies the allegation in Paragraph 23.A that she has not been habitually present in Wisconsin at any time since her high school graduation. As to the balance of said paragraph, Respondent admits.

    b. Respondent admits the allegation in Paragraph 23.B that she informed Petitioner that she was moving to Mexico in 2015. Respondent denies the balance of said paragraph and affirmatively states she left California to escape Petitioner and his drug use and that a condition of Petitioner's move to Mexico was that he cease from any further drug use.

    c. Respondent admits the allegations in Paragraph 23.C.

    d. Respondent denies that her employer was Grupo Vidanta and affirmatively states she worked for Vida Vacations and admits that, for two months only, she had legal residency with this employer in Mexico. Respondent affirmatively states that, at all other times, her presence in Mexico was pursuant to a "tourist visa" that required her to regularly return to the United States.

    e. Respondent admits the allegations in Paragraph 23.E.

    f. Respondent denies the allegations in Paragraph 23.F and affirmatively states that Petitioner's employer is Vida Vacations and that there was no intent for the parties to become permanently established in Mexico as represented by their frequent

-6-

Case 1:20-cv-01028-WCG   Filed 07/31/20   Page 6 of 11   Document 22

trips to the United States. Respondent admits the move occurred to assist Petitioner in maintaining employment.

  g. Respondent admits the allegations in Paragraph 23.G.

  h. Respondent denies the allegations in Paragraph 23.H.

  i. Respondent denies the allegations in Paragraph 23.I and affirmatively states the parties did not have health insurance in Mexico and that she is currently applying for Badgercare and Access benefits through the State of Wisconsin.

  j. Respondent admits the allegations in Paragraph 23.J.

  k. Respondent admits the allegations in Paragraph 23.K.

  l. Respondent denies the allegations in Paragraph 23.L that she "regularly" saw a psychiatrist in Puerto Vallarta but affirmatively states that she saw a psychiatrist on only two (2) occasions. Respondent admits the medical diagnoses alleged but denies Petitioner's recitation of her medical prescriptions.

  m. As to the allegations in Paragraph 23.N Respondent admits that she still maintains a home in Puerto Vallarta but affirmatively states that the haste with which she was forced to flee the country prevented her from wrapping up her affairs before doing so.

  n. Respondent denies the allegations in Paragraph 23.O that the parties share ownership of two dogs. Respondent affirmatively alleges that she purchased the animals and that they are her individual property. Respondent denies, upon information and belief, that LeBrac, the dog trainer, threatened Petitioner or that LeBrac ever had the

animals in his care. Upon information and belief, Respondent affirmatively states that Petitioner was aggressive with LeBrac's mother.[1]

  o. As to the allegations in Paragraph 23.P Respondent admits. Respondent affirmatively states that Dr. Stetson advised Petitioner that his persistent and pervasive substance-abuse issues were a contributing factor to the parties' difficulties in conceiving a child.

  p. Respondent admits the allegations in Paragraph 23.Q.

  q. Respondent admits the allegations in Paragraph 23.R to the extent they apply to Henry and affirmatively states that Henry saw a pediatrician in Mexico only four or five times but denies that Alice ever saw a pediatrician in Mexico. Respondent affirmatively states that the children now have a pediatrician in Wisconsin and were updated with all immunizations in Wisconsin.

  r. Respondent denies the allegation in Paragraph 23.S that the children have ever had a full-time nanny in Mexico but, rather, affirmatively states that the parties had a part-time cleaning woman who sometimes helped with the children.

  s. Respondent denies the allegation in Paragraph 23.T Respondent denies that Henry took daily swimming lessons throughout the past year. Respondent affirmatively states that Henry took swimming lessons for less than two (2) months and that the lessons occurred five (5) days per week.

  t. Respondent denies the allegation in Paragraph 23.U that the children were "wrongfully" removed from Mexico. The parties also regularly left Mexico to visit the parties' families in Wisconsin, California and New York. Respondent admits that Alice has never been to Wisconsin prior to the June 2020 relocation.

---

[1] These paragraphs appear misnumbered as there is no Paragraph 23.M.

u. Respondent denies the allegation in Paragraph 23.V that the children are Mexican citizens as she has no independent legal knowledge of the same and, rather, affirmatively states that the children are United States citizens.

21. In answering Paragraphs 24-27 of the Petition, said paragraph sets forth legal conclusions to which no response is required. To the extent that any response is necessary, Respondent denies the same and puts Petitioner to his strict proof thereon.

22. In answering Paragraph 28 of the Petition, Respondent provides the following response:

a. Respondent admits the allegations in Paragraph 28.A.

b. As to the allegations in Paragraph 28.B Respondent admits that the children resided at Lomas Del So. #100, Nuvo Vallarta, Nayarit, 63735 from the time that Henry was two (2) months old until early 2020, when the children began residing with Respondent in her separate residence.

c. Respondent denies the allegations in Paragraph 28.C and affirmatively states that an action is pending for Legal Separation including custody and placement in Door County Wisconsin.

d. Respondent denies the allegations in Paragraph 28.D and affirmatively states that (1) Respondent obtained a Mexican restraining order against Petitioner on June 11, 2020; (2) Respondent filed an action for legal separation from Petitioner in Door County Case No. 20-FA-67 on July 15, 2020; and (3) Respondent obtained a temporary restraining order against Respondent on July 20, 2020, in Door County Case No. 20-CV-83. Respondent denies taking any of Petitioner's vital documents and affirmatively states that upon information and belief Petitioner lost those items during one of his periods of

significant intoxication but also notes that copies of Respondent's pertinent legal documents do appear as part of ECF #18.

  e. Respondent admits the allegations in Paragraph 28.E.

## **AFFIRMATIVE DEFENSES**

1. Article 13(b) Defense- Respondent's actions were justified by the "grave danger" exception to the Hague Convention, 22 U.S.C. §9001, *et. seq.* as there exists a grave risk of danger that would expose the children to psychological or physical harm if the children are returned to Mexico and otherwise would place the children in an intolerable situation.

2. Article 13(a) Defense - Petitioner both consented and acquiesced to the relocation based upon numerous text messages, emails and audio messages wherein the Petitioner gave his consent and subsequent acquiescence as outlined in the Respondent's Declaration filed with this Court.

3. The minor children could not have habitually resided in Mexico based upon their young ages and the fact that the oldest child was habitually gone from Mexico with substantial periods of time spent in the United States, namely Wisconsin during the period in question as outlined by the Respondent's Declaration filed with this court. The minor children were habitually residents of the United States of America. "Where there is geographic stability and adequate duration, questions are to the purpose of the residence, will usually be pushed into the background". To the extent that purpose plays a part in determining whether a child is habitually a resident in a county, it is necessary to prove only that there is a sufficient degree of continuity to be properly described as settled. *Koch v. Koch*, 416 F.Supp 2d 645 (E.D. Wis 2006).

4. The Petitioner may not have had custodial rights at the time of the removal as the Respondent was granted emergency custody rights to take the children from Mexico by the

United States specifically given the fact that the United States granted the parties' daughter an emergency passport as outlined in the Respondent's Declaration filed with this court.

5. Upon information and belief, Petitioner's Petition failed to state a claim upon which relief may be granted.

6. Upon information and belief, Petitioner failed to satisfy conditions precedent to filing this claim.

WHEREFORE, Respondent respectfully requests judgment as follows:

A. For dismissal of the Petition with prejudice; and

B. For the costs, disbursements, and attorneys' fees of this action; and

C. For an order allowing the children to remain in Wisconsin; and

D. For an order staying further divorce proceedings in Mexico; and

E. For such other and further relief as the Court deems just and equitable.

Dated this 30th day of July, 2020.

LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, SC
Attorneys for Respondent

*/s/ Laura J. Beck*
Laura J. Beck
State Bar # 1031572
231 South Adams Street
P.O. Box 23200
Green Bay, WI 54301
(P) (920) 437-0476
(F) (920) 437-2868

MASTERS LAW GROUP, LLC
Attorneys for Respondent

*/s/ Anthony G. Joseph*
Anthony G. Joseph
State Bar #6303632
Erin E. Masters
State Bar # 6283476
30 North LaSalle Street, Suite 2340
Chicago, IL 60602
(P) (312) 609-1700
Admitted Pro Hac Vice

*932006.042:3466622*

-11-