IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

DANIEL LUKE SCHWARTZ,

        Petitioner,        Case No. 20-CV-1028

-vs-

SHARON ROSE HINNENDAEL,

        Respondent.

**RESPONDENT'S EMERGENCY MOTION TO STRIKE THE AFFIDAVIT AND BAR THE TESTIMONY OF DR. MARC ACKERMAN AND ALTERNATIVELY CONTINUE HEARING ON PETITIONER'S MOTION IN LIMINE NO. 4**

    Respondent, Sharon R. Hinnendael, by her attorneys and, in part, at the direction of the Court on September 10, 2020, and as her Emergency Motion to Strike the Affidavit and Bar the Testimony of Dr. Marc Ackerman and Alternatively Continue the Hearing on Petitioner's Motion in Limine No. 4 pursuant to *Federal Rule of Civil Procedure 37(b) and 37(c)*, states as follows:

    1. On or around September 9, 2020, Petitioner filed Motion in Limine No. 4 (Docket No. 42) that sought to "bar all purported reports or affidavits prepared by medical professionals with respect to analyzing or providing expert testimony". As such, the Court instructed both parties to provide the Court with a letter brief on this issue on or before September 14, 2020.

    2. The Court indicated it would take oral arguments on September 15, 2020 and if it denied the Petitioner's Motion in Limine No. 4, the testimony of Dr. Alan Jaffe would take place on October 9, 2020.

3. On or around 12:00 p.m. on September 14, 2020, Petitioner filed a Declaration of Marc J. Ackerman (*Docket Entry No. 46*) that appears to be a *Daubert* challenge to Dr. Jaffe's report. Respondent's Counsel notes that it only received the Declaration of Dr. Ackerman with no accompanying motion. This was the first time that the Petitioner disclosed the identity of Dr. Ackerman.

4. The Petitioner did not disclose Dr. Ackerman in any motion filed with this court, the Petitioner's own motion in limine, the Petitioner's witness disclosures or even during the evidentiary hearing before this Honorable Court on September 10, 2020. The Petitioner's Counsel did not even mention to the Court that it was seeking to have a potential hearing on a *Daubert* challenge to Dr. Jaffe's report.

5. The Petitioner was first aware that Dr. Alan Jaffe would be preparing a report and seeking to testify on August 12, 2020 (*See Docket Entry No. 29*).

6. This matter is currently set for continued evidentiary hearing/trial on September 15, 2020 after taking evidentiary testimony on September 10, 2020.

7. It should also be noted this Honorable Court that the Court set a deadline to disclose all witnesses by September 3, 2020 (*See Minute Order August 7, 2020 Docket Entry No. 26*). Dr. Ackerman was not disclosed by that date. To now disclose Dr. Ackerman or any of his purported opinions on September 14, 2020 is in direct violation of this Honorable Court's Order. It is clear that the Petitioner has no respect nor willingness to adhere to this Honorable Court's orders and deadlines. This Court's deadlines are just that deadlines. They are not suggestions by the Court whereby the parties are then free to do whatever they so choose.

8. Moreover, this Honorable Court ordered both parties to reciprocally exchange all trial exhibits and document on or before September 8, 2020. Petitioner also violated this Order by

disclosing the declaration of Dr. Ackerman on September 14, 2020. This is less than 24 hours before the Court is to have a hearing on Dr. Jaffe's potential expert testimony and four days *after* trial has already commenced.

9. As of the filing of the instant motion, it is clear that the Petitioner disclosed the Affidavit of Dr. Ackerman in support of his motion in limine and intends to use the affidavit at tomorrow's evidentiary hearing.

10. As of the writing of this emergency motion, Counsel for Respondent has not had an opportunity to fully review and analyze the affidavit of Dr. Ackerman. Counsel has not had an opportunity to take the deposition of Dr. Ackerman to ascertain the basis for this purported *Daubert* challenge nor prepare any written/oral arguments whatsoever to present to this Honorable Court.

11. Counsel for the Respondent has no idea whether Dr. Ackerman is going to be providing the Court with any testimony tomorrow regarding the report of Respondent's expert witness, Dr. Alan Jaffe. Counsel for the Respondent certainly is not prepared to conduct any sort of examination of Dr. Ackerman.

12. Given that the Petitioner completely failed to disclose the identity of Dr. Ackerman nor his affidavit until September 14, 2020 at 12:00 p.m., the affidavit of Dr. Ackerman should be stricken pursuant to *Federal Rule of Civil Procedure 37(b) and 37(c)*. These rules are part of a carefully constructed framework that is designed to enhance the fairness of the litigation process by avoiding a trial by ambush. *Andrews v. CBOCS West, Inc.,* No. 09cv1025, 2011 WL 722606 at *3 (S.D.Ill. February 23, 2011); *see also Goldman v. Checker Taxi Co.,* 325 F.2d 853, 855 (7th Cir.1963) (citing *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958)) (discovery provisions in the Federal Rules intended to make "trial less a game of blindman's

bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.").

13. According to the Seventh Circuit, the following factors should guide the Court in determining whether a purported discovery violation is justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir.2003); *see also Federal Rule of Civil Procedure 37(c)(1)*.

14. In examination of the factors set forth in *David*, the disclosure of Dr. Ackerman is both highly prejudicial to the Respondent and has caught the respondent completely by surprise given this disclosure is being made less than 24 hours before the evidentiary hearing is set to commence and after trial and testimony has been taken. For this same reason, the Petitioner has zero ability to cure the extreme prejudice to the Respondent. It is also the Respondent's position that, at a minimum, the disclosure of Dr. Ackerman and his report was made in willful violation of the Court's Orders and deadlines. Said disclosure was designed to turn the instant proceedings before this Honorable Court into a game of "blindman's bluff" and ensure the prejudice to the Respondent.

15. Should this Court not strike the Affidavit of Dr. Ackerman, Ms. Hinnendael and her interests will be severely prejudiced for all the reasons set forth in this emergency motion.

16. Alternatively, should this Court not strike the affidavit of Dr. Ackerman, the hearing on Petitioner's Motion in Limine No. 4 on September 15, 2020 should be continued. Should the hearing not be continued, Ms. Hinnendael and her interests will be severely prejudiced for all the reasons set forth in this emergency motion.

WHEREFORE, the Respondent, SHARON R. HINNENDAEL, respectfully prays unto this Honorable Court, as follows:

    A.    That this Honorable Court enter an Order Striking the Affidavit and Bar the Testimony of Dr. Marc Ackerman and Alternatively Continue the Hearing on Petitioner's Motion in Limine No. 4; and,

    B.    Granting any other and further relief as this Honorable Court deems equitable and just.

Respectfully submitted,

Attorneys for Respondent, Sharon R. Hinnendael

By: /s/ Anthony G. Joseph_____
    Anthony G. Joseph
    IL State Bar No. 6303632

By: /s/ Erin E. Masters_____
    Erin E. Masters
    IL State Bar No. 6283476

By: /s/ Laura J. Beck_____
    Laura J. Beck
    WI State Bar No. 1031572