UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL LUKE SCHWARTZ,

        Petitioner,

       v.                                     Case No. 20-C-1028

SHARON ROSE HINNENDAEL,

        Respondent.

**ORDER DENYING MOTION TO EXCLUDE DR. JAFFE'S TESTIMONY**

The International Child Abduction Child Remedies Act, 42 U.S.C. § 11601 et seq., which implements the Hague Convention on Civil Aspects of International Child Abduction, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89 (Oct. 25, 1980), entitles a person whose child has been removed from his custody in another country and taken to the United States to petition in federal or state court for the return of the child. 42 U.S.C. § 116039(a), (b). The petitioner in this case, Daniel L. Schwartz, is the father, and the respondent, Sharon Hinnendael, his wife, is the mother of the children that are the subject of the petition. The children are Henry, who was born on June 19, 2018, and Alice, who was born on March 10, 2020. Ms. Hinnendael removed the children from where the family was living in Mexico and took them to Wisconsin on or about June 16, 2020. Mr. Schwartz commenced this action for the return of the children under the Hague Convention on July 8, 2020.

Both Petitioner and Respondent are citizens of the United States. Both children have dual citizenship, having been born in Mexico of American citizen parents. They have United States passports. At the time that the respondent left Mexico with the children and returned to the United

States, the couple had lived in Mexico for a period of approximately five years. Petitioner worked for a company that sells time shares in Puerto Vallarta, Mexico, primarily to American citizens. Respondent was primarily a stay-at-home mother, though she had the assistance of a nanny/babysitter for at least certain hours of the day.

The court has heard video testimony over two days on whether the habitual residence of the children was the marital home in Mexico at the time Respondent came to Wisconsin with the children. The court has also heard extensive testimony about the shortcomings of the parties and Respondent's allegations of Petitioner's drug use and abuse toward her. Unless Mexico was the habitual residence of the children, Petitioner is not entitled to their return to Mexico. Even if Mexico was the children's habitual residence, Respondent argues that the children should not be returned because doing so would subject them to a grave risk of harm. Article 13(b) of the Convention provides for a defense to the return of the child if "there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation." The respondent seeking to avoid return is required to prove the defense by clear and convincing evidence.

To support her contention that her children would be at grave risk of harm should they be returned, Respondent wishes to call as an expert witness Dr. Allen M. Jaffe, a psychologist. Dr. Jaffe has submitted a report based on his review of evidence and his evaluation of the children and their mother. He concludes from his evaluation that returning the minor children to Mexico to live with their father, Daniel, would place the children at grave risk of harm. Petitioner contends that Dr. Jaffe should not be allowed to testify because the facts and the record do not constitute "grave harm" within the meaning of the Hague Convention and as interpreted by federal courts. Petitioner argues that "the additional facts considered by Dr. Jaffe, including over 300 videos, photos,

2

messages, and audio tapes, and 25 pages of hearsay narrative from Sharon and her family members about Daniel, offer no substantive facts that change what the court has already heard at trial." Dkt. No. 45 at 1. Petitioner claims that Dr. Jaffe either did not know or omitted material facts, some of which have already been presented at the trial, and that his opinion of grave harm is based on a selective reading of the record and would provide no assistance to the courts. In support of their argument, Petitioner maintains that the Seventh Circuit has expressly found that past drug and alcohol abuse and marital agreements do not meet the grave harm standard. He argues that the record shows nothing more than that he may have previously had a drug problem and has allegedly engaged in spousal abuse.

Petitioner overstates the holdings of the cases cited. The cases he cites do not preclude the use of expert testimony to address the grave harm exception. In fact, the exception provided by the Convention speaks of grave physical or psychological harm to the children. The specific language concerning psychological harm would seem to at least justify, if not call for, the type of testimony Respondent seeks to offer. It is true that the Seventh Circuit has held that a history of drug abuse and spousal abuse, by itself, does not constitute grave harm. However, the court has also recognized that expert testimony can be of assistance to the court in assessing the evidence and whether the conduct of the petitioner creates such a risk. *See Khan v Fatima*, 680 F.3d 781, 785–86 (7th Cir. 2012) (vacating return order where district court refused to adjourn hearing for a few days to enable additional evidence to be obtained, noting "in particular he could have had ZFK examined by a child psychologist"); *Van De Sande v. Van De Sande*, 431 F.3d 567, 570 (7th Cir. 2005) (noting the absence of expert evidence of the psychological effect of petitioner's conduct on children). The weight of such evidence, of course, is for the court to decide.

3

Having reviewed Dr. Jaffe's report, the court is satisfied that his testimony, assuming it is given to a reasonable degree of professional certainty, will meet the requirements for expert testimony under Fed. R. Evid. 702. Dr. Jaffe is a licensed psychologist with publications and extensive experience in the question of child custody and psychology. The clinical interviews and methods he used to support his report are appropriate methods within that discipline. Such testimony is relevant to an issue properly before the court. Accordingly, the testimony will be allowed.

At the same time, the court will limit the time over which Dr. Jaffe will testify. Respondent will be allowed up to one hour in which to present his testimony on direct and redirect examination, and Petitioner will be allowed one hour of cross-examination. The court has already scheduled the continuation of the hearing by video on October 9 at 1:30 p.m. Since the testimony is complete on the issues of habitual residence and wrongful removal or retention, the parties shall submit post hearing briefs on those issues not later than October 1, 2020.

**SO ORDERED** at Green Bay, Wisconsin this 15th day of September, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
