UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL LUKE SCHWARTZ,

        Petitioner,

        v.                              Case No. 20-C-1028

SHARON ROSE HINNENDAEL,

        Respondent.

## DECISION AND ORDER

Petitioner Daniel Luke Schwartz brought this action for the return of his children to Mexico under the Hague Convention on the Civil Aspects of International Child Abduction, as implemented by the International Child Abduction Remedies Act, alleging that Respondent Sharon Rose Hinnendael, the children's mother, wrongfully removed the children from Mexico and took them to Wisconsin. The court held an evidentiary hearing in this case on September 10 and 15, 2020. The court continued the hearing and set the matter for October 9, 2020. On September 15, 2020, the court ordered that Dr. Allen Jaffe could testify at the October 9, 2020 hearing but limited the time over which he will testify. The court allowed Respondent up to one hour in which to present his testimony on direct and redirect examination, and allowed Petitioner up to one hour for cross-examination. On October 5, 2020, Petitioner's counsel filed a letter indicating that he intends to call Dr. Marc Ackerman to testify as a rebuttal witness and advised that he will limit Dr. Ackerman's testimony to a portion of the one hour that the court allocated to Petitioner to cross-examine Dr. Jaffe.

This matter comes before the court on Respondent's emergency motion to bar the testimony of Dr. Ackerman and alternatively to continue the hearing on October 9, 2020 relating to any testimony of Dr. Ackerman. Dkt. No. 78. Respondent asserts that, because Petitioner disclosed the identity of Dr. Ackerman as a potential rebuttal witness four days before the evidentiary hearing and Respondent's counsel has not had an opportunity to prepare for the evidentiary testimony of Dr. Ackerman, any potential testimony of Dr. Ackerman should be stricken pursuant to Federal Rule of Civil Procedure 37. Alternatively, Respondent maintains that the October 9, 2020 hearing should be continued.

Respondent asserts that the potential testimony of Dr. Ackerman should be stricken because Petitioner failed to comply with a court order and failed to disclose a witness as required by Rule 26(a) or (e). *See* Fed. R. Civ. P. 37(b)–(c). Rule 26, which describes the procedure for parties to disclose potential witnesses for trial, does not apply to an expedited hearing such as this. Even if the Federal Rules of Civil Procedure would apply to expedited proceedings, Petitioner substantially complied with Rule 26 by disclosing Dr. Ackerman as a potential rebuttal witness and accomplished the purpose of Rule 26 to protect the parties from being blindsided at trial. Petitioner indicated in his September 3, 2020 witness list that he "reserves the right to call additional witnesses for rebuttal purposes." Dkt. No. 39 at 2. Petitioner subsequently advised that Dr. Ackerman would fall within that category of witnesses on September 14, 2020. Dkt. No. 47 at 2. He submitted Dr. Ackerman's affidavit, which summarizes his opinions and criticisms of Dr. Jaffe's findings, as well as Dr. Ackerman's CV. Dkt. No. 46. The court finds that the manner in which Petitioner disclosed his intention to call Dr. Ackerman as a rebuttal witness did not fail to comply with a court order. Respondent was on notice that Petitioner could call Dr. Ackerman as a rebuttal witness at the October 9, 2020 hearing.

2

For these reasons, Respondent's motion to bar the testimony of Dr. Ackerman or alternatively to continue the October 9, 2020 hearing relating to any testimony of Dr. Ackerman (Dkt. No. 78) is **DENIED**. Respondent is free to renew her motion for a continuance at the conclusion of the hearing if she believes her interests are prejudiced by Dr. Ackerman's testimony.

**SO ORDERED** at Green Bay, Wisconsin this 7th day of October, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
